**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MATTHEW BEATTIE,<br>Appellant, | DOCKET NUMBER<br>DA-0752-23-0289-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>AFFAIRS,<br>Agency. | DATE: December 17, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Amanda J. Moreno, Esquire, Houston, Texas, for the appellant.

Emily Hart, Fayetteville, Arkansas, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which found that the agency proved the charge of failure to obtain employment conditional certification, concluded that the appellant did not prove any of his affirmative defenses, and upheld the removal. On petition for review, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant asserts, among other things, that the administrative judge should not have sustained the charge, there were mitigating factors that the agency did not consider, and the agency treated him unfairly. Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

Although the Board does not generally consider evidence submitted for the first time on review, such as the appellant's new declaration made under penalty of perjury, *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980), we construe this declaration as part of his petition for review.[2] PFR File, Tab 1 at 6-8. We have considered his assertions therein about the charge, his requests for reasonable accommodations and Family and Medical Leave Act of 1993 (FMLA) leave, and the penalty.[3]

---

[2] He also includes his Close of Record Brief with his petition for review. PFR File, Tab 1 at 9-46. This Brief was submitted to the administrative judge, and it is not new evidence or argument. Accordingly, we do not consider it herein.

The appellant does not challenge the administrative judge's conclusion that the agency proved that a peer specialist certification is a condition of employment for the Lead Peer Specialist position, Initial Appeal File (IAF), Tab 42, Initial Decision (ID) at 11, and we affirm the initial decision in this regard. Instead, the appellant asserts that the administrative judge did not read the declaration made under penalty of perjury that he included with the Close of Record Brief, and he challenges some of the administrative judge's factual findings, which led her to conclude that the agency proved that he failed to meet this condition. PFR File, Tab 1 at 6-8. For example, he asserts, among other things, that he was not aware of the August 31, 2022 deadline for submitting his certification, he withdrew from training because the entirety of it would have occurred during his leave, and his month-long vacation was not for leisure purposes. *Id.*

Regarding his assertion that the administrative judge did not read his declaration submitted with his Close of Record Brief, the administrative judge cited to it several times in the initial decision. Importantly, the administrative judge found that the appellant was first notified of certification issues in February 2022, and he still did not have the certification more than a year later, in March 2023, when he was removed, and he had time and numerous opportunities to obtain his certification. ID at 13. Although the appellant asserts otherwise, we agree with the administrative judge that he has presented no evidence that he obtained the full certification from the state of Texas prior to his removal. ID at 10 (citing IAF, Tab 31 at 96); *see* IAF, Tab 39 at 4 (stating that during the January 17, 2023 oral reply, the appellant "acknowledged that . . . he still needed to complete an additional 250 hours of supervisor work in order to have his Peer Specialist Certification"). Accordingly, we discern no error with the administrative judge's decision to sustain the charge.

---

[3] The appellant's declaration does not challenge the administrative judge's analysis of his whistleblower reprisal, due process, harmful procedural error, or equal employment opportunity reprisal claims or her conclusion that the agency proved nexus. Therefore, we affirm the initial decision in this regard.

In his declaration, the appellant asserts that agency leadership knew of his FMLA and reasonable accommodation needs "and did nothing to help," the agency's response to his reasonable accommodation request was "not at all what [he] had requested with [his doctor]," and "FMLA [leave] was filed as emergent and then ignored for 60 days before they said it was input[ted] wrong." PFR File, Tab 1 at 7-8. We construe these assertions as relating to the administrative judge's analysis of his failure to accommodate and disparate treatment disability discrimination claims. Importantly, the appellant has not persuaded us that the administrative judge erred when, among other things, she determined that he was not a qualified individual with a disability, and he did not prove that his disability was a motivating factor in the removal action.

Regarding the penalty, the appellant asserts on review that the deciding official did not take into account any mitigating factors such as his son's surgery, his month-long trip out of the country, and his issues with the state licensing process and "repeated follow up attempts with that state office." PFR File, Tab 1 at 8. In his written response to the notice of proposed removal, the appellant discussed his son's surgery and his efforts to follow up with the state licensing office. IAF, Tab 10 at 96-97. However, the appellant does not identify, and we cannot find, where he raised his trip out of the country as a mitigating factor. Moreover, the record contains a declaration from the deciding official, which stated, among other things, that he considered the appellant's son's health problems as a mitigating factor. IAF, Tab 39 at 5. However, the deciding official stated that the appellant was aware of the certification issues in February 2022, months before his son's health worsened, he took no steps to obtain the proper certification at that time, and he failed to complete the certification despite having multiple months to do so. *Id.* at 5-6. We have considered the other mitigating factors that he cites, but these do not warrant a different outcome.

The appellant also asserts that the penalty was inconsistent with those who engaged in similar behavior. *See* PFR File, Tab 1 at 8 ("Nobody else got fired for

this issue and normally when the deficiency is corrected, the employee returns to work."). The relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14. The proposing official stated that no other peer specialist under her authority failed to obtain or maintain certification, and other employees have been terminated for failing to obtain or maintain certifications or licensures for their profession. IAF, Tab 10 at 115. Additionally, the deciding official stated in his declaration that an employee cannot work at the Houston VAMC without the proper certification and licensing. IAF, Tab 39 at 5. Based on this evidence, we conclude that this assertion is without merit.

We have considered the appellant's remaining assertions on review, but none warrants a different outcome.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     _____
                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.